UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARIMAN NAGHIBOLASHRAFI, et al., <br> Plaintiffs, <br> v. <br> MICHAEL R. POMPEO, et al., <br> Defendants. | Case No. 19-cv-06602-NC <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. No. 14 |

Plaintiffs Nariman Naghibolashrafi and Bahareh Hosseini seek mandamus, declaratory, and injunctive relief, alleging that defendants United States Department of State, Federal Bureau of Investigation, and officers in charge of those departments have improperly delayed Hosseini's visa application. *See* Dkt. No. 1. Before the Court is Defendants' motion to dismiss Plaintiffs' complaint. *See* Dkt. No. 14. Because the delay is not yet unreasonable, the Court GRANTS Defendants' motion to dismiss.

**I. Background**[1]

Naghibolashrafi and Hosseini are married. *See* Dkt. No. 1 ("Compl") ¶ 1. In July 2017, Plaintiffs began a visa application for Hosseini, who is an Iranian national living in Tehran, Iran. *Id.* ¶¶ 2, 9. The United States Citizenship and Immigration Service

---

[1] The following facts are drawn from the allegations in Plaintiffs' complaint and assumed true for the purposes of this motion.

1    ("USCIS") approved Hosseini's petition and the National Visa Center ("NVC") scheduled
2    a visa interview for September 2018. *Id.* ¶ 9. At the interview, the adjudicating officer
3    told Hosseini that although there was nothing wrong with her application, her visa was
4    refused pursuant to Presidential Proclamation 9645 ("Proclamation"). *Id.*

Shortly after her interview, the United States Embassy requested additional information from Hosseini for consideration whether she was eligible for a waiver under the Proclamation. *Id.* ¶¶ 11–13. The Embassy estimated that administrative processing of the waiver would be completed in approximately 6 to 10 months. *See id.* ¶ 13.

Over the next year, Plaintiffs repeatedly sought updates from the Embassy as to the status of Hosseini's waiver. *See id.* ¶¶ 15–26. But, as of the filing of the Complaint, Hosseini's waiver remains pending. *See id.* ¶ 27.

On October 15, 2019, Plaintiffs filed their complaint seeking a writ of mandamus and claiming that Defendants have unreasonably delayed their visa application under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1). *See id.* ¶¶ 34–47. Defendants now move to dismiss the complaint. *See* Dkt. No. 14. All parties have consented to the jurisdiction of a magistrate judge. *See* Dkt. Nos. 10, 12.

## II. Legal Standard

### A. Federal Rule of Civil Procedure 12(b)(1)

Dismissal for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) dismissal is appropriate when the complaint fails to establish the court's subject matter jurisdiction over the action. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). The court must determine whether a lack of federal jurisdiction appears from the face of the complaint itself. *Thornhill Publ'g Co. v. Gen. Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).

### B. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**III. Discussion**

Defendants argue that the Court lacks subject matter jurisdiction because the doctrine of consular non-reviewability bars judicial review and, alternatively, Plaintiffs' claims are moot. Defendants also argue that Plaintiffs' APA claim fails on the merits because the delay is not unreasonable. The Court will first address the threshold jurisdictional issues first before reaching Plaintiffs' APA claim.

    **A.    Consular Non-Reviewability**

"Federal courts are generally without power to review the action of consular officials." *Rivas v. Napolitano*, 714 F.3d 1108, 1110 (9th Cir. 2013) (citing *Li Hong of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986)). There are two exceptions to the general rule. "First, a court has jurisdiction to review a consular official's actions 'when [the] suit challenges the authority of the consul to take or fail to take an action as opposed to a decision within the consul's discretion.'" *Id.* (quoting *Patel v. Reno*, 134 F.3d 929, 931-32 (9th Cir. 1997)). "Second, the court has jurisdiction to review a consular official's actions when 'a U.S. citizen's constitutional rights are alleged to have been violated by the denial of a visa to a foreigner . . . .'" *Id.* (quoting *Bustamante v. Mukasey*, 531 F.3d 1059, 1060 (9th Cir. 2008)).

3

Plaintiffs' complaint falls within the first exception. They are not challenging the Embassy's decision to grant or deny Hosseini a waiver; they are challenging the Embassy's failure to issue a decision at all. *See* Compl. ¶ 27. Consular non-reviewability does not apply when there is simply no consular decision to review. *See Allen v. Milas*, 896 F.3d 1094, 1108 (9th Cir. 2018) ("[A] visa application must be adjudicated one way or the other."); *see also Moghaddam v. Pompeo*, 19-cv-00668-CKK, 2020 WL 364839, at *5–6 (D.D.C. Jan. 20, 2020); *Najafi v. Pompeo*, No. 19-cv-5782-KAW, 2019 WL 6612222, at *5 (N.D. Cal. Dec. 5, 2019).

### B. Mootness

The jurisdiction of federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). Thus, a case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Put differently, "a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.'" *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001)).

Here, Defendants contend that Plaintiffs' claims are moot because "if there is a denial and delay, the latter is not legally significant . . . ." Dkt. No. 14 at 21. The fact that Hosseini's visa application had already been denied, however, is beside the point. Plaintiffs do not challenge her initial visa denial. They challenge Defendants' unreasonable delay in processing her waiver eligibility. A decision by the Court here requiring Defendants to make a final decision regarding Hosseini's waiver eligibility would affect the parties' rights. The case is therefore not moot.

### C. Administrative Procedure Act

Defendants raise three arguments why Plaintiffs fail to state a claim under the APA. First, Defendants contend that the Proclamation is a Presidential action not subject to the APA. *See* Dkt. No. 14 at 14. Second, Defendants argue that 5 U.S.C. § 701 precludes

4

judicial review. *Id.* at 15. Finally, Defendants argue that they have not unreasonably delayed in processing Hosseini's waiver eligibility. *Id.* at 17. The Court will discuss each argument in turn.

First, "the APA does not expressly allow review of the President's actions" and courts generally "presume that his actions are not subject to its requirements." *Franklin v. Massachusetts*, 505 U.S. 788, 801 (1992). However, "under certain circumstances, Executive Orders, with specific statutory foundation, are treated as agency action and reviewed under the [APA]." *City of Carmel-by-the-Sea v. United States Dep't of Transp.*, 123 F.3d 1142, 1166 (9th Cir. 1997).

Here, the Proclamation was issued pursuant to Section 212(f) of the Immigration and Nationality Act, 8 U.S.C. § 1882(f), and the APA therefore permits review of Plaintiffs' claims. *See* 82 Fed. Reg. 46,161. The Ninth Circuit has characterized officer suits against executive branch officials charged with carrying out the Proclamation as APA-reviewable, because those officials have consummated their interpretation of the Proclamation and it is that consummation that is the subject of the suit. *See Hawaii v. Trump*, 878 F.3d 662, 680–81 (9th Cir. 2017), *rev'd and remanded sub nom Trump v. Hawaii*, 138 S. Ct. 2392 (2018). Although the Supreme Court reversed the Ninth Circuit's decision in *Hawaii v. Trump*, the Supreme Court did not discuss the relevant APA analysis. *See Trump v. Hawaii*, 138 S. Ct. at 2407 ("assuming without deciding that plaintiff's statutory claims are reviewable . . . .").

Moreover, district courts since *Trump v. Hawaii* have consistently rejected the proposition that the government's failure to timely adjudicate waiver eligibility under the Proclamation was unreviewable on this ground. Those courts have either analogized the government's Proclamation waiver guidance to internal agency policy or procedure (*see, e.g.*, *Emami v. Nielsen*, 365 F. Supp. 3d 1009, 1019–20 (N.D. Cal. Feb. 4, 2020)), or noted that the theory underlying the APA claim here is essentially that the government is flouting its own guidance (*see, e.g.*, *Darchini v. Pompeo*, 2019 WL 7195621, at *4 (C.D. Cal. Dec. 3, 2019)). *See also Yavari v. Pompeo*, No. 19-cv-02524-SVW, 2019 WL 6720995, at *6

(C.D. Cal. Oct. 10, 2019) (holding that the State Department's implementation of the Proclamation was reviewable); *Moghaddam*, 2020 WL 364839, at *10 (same).

Second, 5 U.S.C. § 701 prohibits judicial review of agency decisions if there are "statutes [that] preclude judicial review" or if "agency action is committed to agency discretion by law." Section 701 is construed narrowly, however, and only applied in "rare instances." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

Although the Proclamation commits the grant or denial of waivers to the discretion of consular officers, those officers have no discretion as to whether they must review waiver eligibility in the first place. *See* Proclamation § 3. Indeed, in *Trump v. Hawaii*, the Supreme Court relied in part on the waiver program to uphold the Proclamation, noting that "consular officers *are* to consider in each admissibility determination whether the alien demonstrates" eligibility criteria. 138 S. Ct. at 2422 (emphasis added). Likewise, the Department of State's own guidance indicates that consideration for waiver eligibility is mandatory, not discretionary. *See* Dkt. No. 18, Ex. E at 42. Because Plaintiffs only challenge Defendants' delay in making a decision on Hosseini's waiver eligibility, not the decision itself, § 701 does not preclude review here.

Finally, courts apply the "*TRAC*" factors to determine whether an agency has unreasonably delayed an administrative decision. The *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason [;] (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake [;] (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the nature and extent of the interests prejudiced by the delay[;] and (6) the court

6

need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Indep. Min. Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997) (quoting *Telecomm. Research & Action Ctr. v. F.C.C. ("TRAC")*, 705 F.2d 70 (D.C. Cir. 1984)). The most important fact is the first "rule of reason" factor, but no one factor is determinative. *See In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017).

In recent months, a slim majority of district courts that tackled this issue in connection with the Proclamation have concluded that the *TRAC* factors weigh in favor of the government. *Compare Najafi*, 2018 WL 6612222, at *8 (denying motion for preliminary injunction seeking adjudication within 15 days); *Darchini*, 2019 WL 6841991, at *5 (same); *Jamal v. Pompeo*, No. 19-cv-06967-JVS, 2019 WL 7865175, at *4–5 (C.D. Cal. Nov. 19, 2019) (same); *Yavari*, 2019 WL 6720995, at *7–8 (14-month delay was not unreasonable); *Motaghedi v. Pompeo ("Motaghedi I")*, No. 19-cv-01466-LJO, 2020 WL 207155, at *9–13 (no likelihood of success that the government unreasonably delayed their waiver adjudications); *Didban v. Pompeo*, No. 19-cv-00881, 2020 WL 224517, at *5 (D.D.C. Jan. 15, 2020) (two-year delay was not unreasonable); *Bagherian v. Pompeo*, No. 19-cv-01049, 2020 WL 674778, at *4 (D.D.C. Feb. 11, 2020) (25-month delay was not unreasonable); *with Moghaddam*, 2020 WL 364839 (denying a motion to dismiss because it would be "premature" to undergo the "fact-specific [*TRAC*] inquiry); *Motaghedi v. Pompeo ("Motaghedi II")*, No. 19-cv-01466-LJO, 2020 WL 489198, at *8 (E.D. Cal. Jan. 30, 2020) (same); *Thomas v. Pompeo*, No. 19-cv-01050-ESH, 2020 WL 601788, at *6 (D.D.C. Feb. 7, 2020) (same). After applying the *TRAC* factors, the Court is persuaded by the majority.

The first *TRAC* factor looks to the "time agencies take to make decisions" governed by a "rule of reason." *See TRAC*, 705 F.2d at 80. Some district courts have interpreted this factor to require analysis of the length and source of the delay. *See Motaghedi I*, 2020 WL 207155, at *9. Although the Court does not have a fully developed factual record, case law in the immigration context uniformly suggest that delays less than four to six

7

years are not unreasonable. *See Yavari*, 2019 WL 6720995, at *8 (citing *Siwen Zhang v. Cissna*, No. 18-cv-09696-MWF, 2019 WL 3241187, at *5 (C.D. Cal. Apr. 25, 2019)). To be sure, most of those cases do not deal with waiver eligibility under the Proclamation. But the Supreme Court has observed that the Proclamation was designed to address shortfalls in public-safety and terrorism-related information sharing by certain foreign governments. *See Trump v. Hawaii*, 138 S. Ct. at 2408, 2421. Given the national security interests outlined by the Supreme Court, it is difficult to see why waiver eligibility pursuant to the Proclamation would warrant a shorter timeline.

The second *TRAC* factor looks to any relevant Congressionally mandated timetable. *See TRAC*, 705 F.2d at 80. Because no such timetable exists, this factor is neutral. *See Najafi*, 2019 WL 6612222, at *7.

The third and fifth *TRAC* factors are frequently considered together. *See Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1073 (N.D. Cal. 2014). These factors consider whether health and welfare are at stake, and the nature and extent of the interests prejudiced by the delay. *Id.* There is no question that these factors weigh in favor of Plaintiffs. Defendants' delay in adjudicating Hosseini's waiver eligibility keeps Plaintiffs in administrative limbo, separating their family, and causing them continuing harm.

The fourth *TRAC* factor considers "the effect of expediting delayed action on agency activities of a higher or competing priority." *Indep. Min. Co. v. Babbitt*, 105 F.3d at 507 (citing *TRAC*, 705 F.2d at 80). This factor weighs strongly in Defendants' favor. Defendants point out that approximately 14,000 other visa applicants are in the same position as Hosseini. *See* Dkt. No. 14, Ex. B (Dep't of State report on the Proclamation). An order by the Court requiring Defendants to immediately adjudicate Hosseini's waiver eligibility would delay other, competing waiver applications. And, as indicated above, the national security concerns "expressly approved by the Supreme Court" further weigh this factor in favor of Defendants. *Yavari*, 2019 WL 6720995, at *8.

Finally, the sixth *TRAC* factor considers whether there is any impropriety behind the alleged delay. *TRAC*, 705 F.2d at 80. Plaintiffs allege no impropriety and this factor is

8

therefore neutral. *See Didban*, 2020 WL 224517, at *6.

Heeding the Ninth Circuit's guidance that the first *TRAC* factor is most important, the Court concludes that Plaintiffs failed to state a plausible APA claim. Accordingly, the Court GRANTS Defendants' motion to dismiss. Because Plaintiffs cannot currently allege facts curing the deficiencies in their complaint, dismissal is without leave to amend, but without prejudice to refiling at a later date. *See Yavari*, 2019 WL 6720995, at *9.

### D. Mandamus

Because Plaintiffs have failed to state an APA claim and have not alleged any other claim for relief, they also fail to state a claim for mandamus relief under 28 U.S.C. § 1361. *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63–64 (2004).

## IV. Conclusion

The Court GRANTS Defendants' motion to dismiss. Dismissal is without leave to amend, but also without prejudice to refiling at a later date.

**IT IS SO ORDERED.**

Dated: March 18, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge